IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTOUNIAN CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20 C 2180 |
| ) | |
| ADMINISTRATIVE DISTRICT COUNCIL 1 ) | |
| OF ILLINOIS OF THE INTERNATIONAL ) | |
| UNION OF BRICKLAYERS AND ALLIED ) | |
| CRAFTWORKERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Altounian Construction, Inc. (Construction), a residential remodeling company, has petitioned to vacate two arbitration awards that District Council 1 (the Union), a labor organization representing bricklayers in the construction industry, obtained against Construction. The awards are based on a collective bargaining agreement (CBA) between the Union and Altounian Builders, Inc. (Builders), a commercial construction company that is no longer in business. Construction asserts that it never had a contractual relationship or an arbitration agreement with the Union. It therefore challenges the arbitration board's conclusion that Construction is a successor to Builders and therefore liable under the CBA. Construction asks the Court to vacate the second arbitration award and enter a declaratory judgment that Construction is not bound by the CBA. The Union has counterclaimed, alleging that Construction is subject to the CBA and that both arbitration awards are enforceable against it.

## Background

In 1999, the Union entered into a labor contract in the form of a memorandum of understanding (MOU) with Builders, a general contractor for commercial construction in the Chicago area. The parties agreed to a new MOU in 2003, which, together with an association agreement (a master collective agreement negotiated between the Union and various employers), constitutes the CBA. Builders' vice president, Todd Altounian, signed the CBA on its behalf. Under the CBA, the Union and Builders agreed to resolve disputes through a grievance and arbitration process before a joint arbitration board (the Board) and to abide by the Board's decisions.

In 2011, Builders filed for bankruptcy and was dissolved. At the time of dissolution, Todd Altounian, Jamie Altounian, and James Altounian[1] were its owners. Two years before Builders dissolved, Jamie formed Construction, a company that does maintenance and residential remodeling work for kitchens and bathrooms. Jamie was its sole owner between 2009 and 2018. In 2018, Todd Altounian became Construction's owner and president.

On or around May 30, 2019, the Union informed Construction and Builders of its claim that Construction is bound to the CBA and its intention to present that claim at a hearing before the Board on June 13, 2019. Although the Union urged Construction to attend and participate, no representative from Construction or Builders attended. After the Union presented its claim to the Board, the panel issued an award in which it concluded that Construction was bound to the CBA as a successor to Builders.

---

[1] The Court will refer to Todd Altounian, Jamie Altounian, and James Altounian by their first names to avoid confusion.

Construction was therefore responsible for all obligations under the CBA. On July 20, 2019, Construction received a copy of June 2019[2] decision from the Union but took no action.

On or around October 29, 2019, the Union contacted Construction again and informed it of another hearing before the Board—where the Union intended to present its claim that Construction had violated numerous CBA provisions. It also reminded Construction of the Board's prior finding that Construction is bound by the CBA. The Board held the hearing on December 11, 2019, and Union representatives presented the claim. Neither Construction nor Builders showed up. The arbitration panel deliberated and reached a decision, finding that Construction violated numerous CBA provisions and was therefore liable for $111,375.05 in damages. The Board further ruled that non-compliance on the part of Construction would result in additional relief for the Union. Construction received a letter from the Union along with a copy of the December 2019 award on January 13, 2020.

Construction has not complied with either arbitration award. Further, Construction denies (1) that it is subject to any agreement with the Union; (2) that it is a successor to Builder; and (3) that it is liable to the Union under any agreement for any damages.

On April 7, 2020, Construction filed this lawsuit against the Union. Construction asks the Court to vacate the December 2019 arbitration award and enter an order declaring, among other things, that Construction is not bound to an arbitration

---

[2] The parties describe this decision as the June 2019 award, but its exact date is unclear. It appears that the Union mailed a copy of the award to Construction on July 15, 2019, so it is as least possible that the award was made in July, not June.

agreement or CBA with the Union; the award is not binding on Construction; and the Union has no right to any damages based on the December 2019 award. The Union filed a counterclaim seeking to enforce the December 2019 award. Construction has filed a motion to dismiss the counterclaim and a cross-motion to vacate both the June 2019 and December 2019 arbitration awards.

## Discussion

Judicial review of a labor arbitration award is "very limited." *Ameren Ill. Co. v. Int'l Bhd. of Elec. Workers*, 906 F.3d 612, 616 (7th Cir. 2018) (quoting *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567 (1960)). The Court must enforce an arbitration award if it "draws its essence from the collective bargaining agreement." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). Simply put, if the award is based on the arbitrator's interpretation of the CBA, it is legitimate. *See id.* at 36-37. "If an arbitrator is even arguably acting within the scope of his authority in interpreting the CBA, his decision will be enforced." *Monee Nursery & Landscaping Co. v. Int'l Union of Operating Eng'rs*, 348 F.3d 671, 675 (7th Cir. 2003). "This applies even if the 'court is convinced he committed [a] serious error' of fact or law in reaching his decision." *Id.* (alteration in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)).

The district court may vacate an arbitration award under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C § 185. Because the LMRA does not identify a statute of limitations to challenge an arbitration award, the statute of limitations for a comparable action in the forum state is applicable. *Sullivan v. Gilchrist*, 87 F.3d

4

867, 870 (7th Cir. 1996). The Illinois Arbitration Act prescribes a 90-day limitations period to challenge an arbitration award. 710 ILCS 5/12(b).

**A.    June 2019 labor arbitration award**

Construction asserts that the June 2019 arbitration award is unenforceable because the Board had no legal authority to determine that Construction is a successor to Builders and therefore bound to the terms of the CBA. It also contends that the arbitration board improperly decided a threshold issue—whether the matter was even arbitrable. Construction contends this determination should have been reserved for the Court. In short, Construction argues that the Court should not defer to the arbitration decision; rather, it should vacate it.

Construction's argument elides a key issue: Construction's failure to participate in the June 2019 proceeding constituted a waiver of its right to challenge the outcome of that proceeding. *See Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993) ("Failure to present an issue before an arbitrator waives the issue in an enforcement proceeding."). Furthermore, Construction's failure to file a timely suit to vacate the June 2019 award—or otherwise challenge it within 90 days of receiving it— "render[ed] the award final." *See Sullivan*, 87 F.3d at 871 ('Where the relief sought is to nullify the arbitration award, the only avenue for such relief is a timely suit to vacate."). As such, this Court "need not even analyze the terms of the collective bargaining agreement, for it is undisputed that [the contractor] did nothing to challenge the arbitration award within 90 days of receiving it." *See id.*

Construction is right that there is a "fundamental underlying policy that parties . . . [should] not [be] forced to submit to contracts to which they are not parties or to terms

5

they did not accept." *See Int'l Union of Operating Eng'rs v. Rabine*, 161 F.3d 427, 432 (7th Cir. 1998). Nevertheless, Construction's contention—that vacating the award is justified because it was not a party to the CBA underlying the award—is too little, too late. In *Rabine*, the Seventh Circuit reiterated its position in *Sullivan*, where the Court rejected an argument "made outside the 90-day window, by an employer who argued that he was not bound by an arbitral award imposed pursuant to a CBA he had not signed." *Id.* at 431. "The [CBA] may have been invalid, or the clause inapplicable to the dispute," but when Construction and its representatives "made the decision to sit on their collective hands," they, like the defendants in *Rabine*, "waived the right to challenge the outcome later." *See id.*; *see also Illinois District Council No. 1 of the Int'l Union of Bricklayers & Allied Craftworkers v. Christoffer*, No. 06 C 0321, 2006 WL 2583724, at *4 (N.D. Ill. Sept. 5, 2006) ("a non-signatory or non-party defendant to the CBA at issue in the arbitration must still raise any challenge to the defendant's status as a legally bound entity to the CBA . . . before the JAB or in the 90 days after the rendering of the arbitration award"). Construction filed a petition to vacate the December 2019 award in April 2020, but it did not specifically challenge the June 2019 award until it filed a motion to vacate it in July 2020. Thus, Construction's request to vacate the June 2019 award is untimely.

    In sum, Construction is bound by the Board's June 2019 determination that Construction is a successor to Builders and therefore bound to the CBA and liable for all obligations under it.

**B.    December 2019 arbitration award**

    Construction also challenges the December 2019 award. As explained

6

previously, Construction acknowledged receipt of the December 2019 award on January 13, 2020. It then filed this suit to vacate the award on April 7, 2020—about five days before the 90-day window closed. Accordingly, Construction's suit to vacate the December 2019 award is timely based on the statute of limitations prescribed by the Illinois Arbitration Act. Nevertheless, its arguments in support of vacating the award lack merit.

The limited precedential authority upon which Construction relies is inapplicable. For instance, Construction cites *Sphere Drake Insurance Ltd. v. All American Insurance Co.*, 256 F.3d 587 (7th Cir. 2001), which concerned a dispute about whether a contract between two parties included an agreement to arbitrate, to argue that this Court cannot uphold the December 2019 arbitration award because it "imposes liability on a party not covered by the CBA." Pl.'s Resp. Mem. at 5. As the Court explains below, this argument conflates the Board's two arbitration rulings.

The June 2019 arbitration award concerned the Union's first claim against Construction: that Construction is covered by the CBA and therefore subject to arbitration. The Board ruled in favor of the Union, and Construction failed to timely challenge this finding. The Union then presented a new claim before the Board in December 2019: that Construction violated several CBA provisions. The December 2019 decision therefore concerned a different issue: the question of Construction's liability for damages under the CBA, not whether it was subject to the CBA. *See* Pl.'s Ex. 1 (Dec. 2019 Arb. Bd. Decision), at 3 (dkt. no. 1) (describing findings from the June 13, 2019 grievance and stating "that award stands").

Construction's attempt to shoehorn a challenge to the June 2019 award in its

7

motion to vacate the December 2019 award is unavailing and unsupported by the law. The December 2019 award simply reaffirmed the Board's June 2019 decision that the CBA applied and then went on to decide the merits of the dispute regarding Construction's alleged violations of the CBA. If Construction were permitted to use this appeal to revisit the June 2019 decision, it would in effect be rewarded for its prior inaction.

In any event, Construction's arguments in support of vacating the award fall short of what the law requires: a showing that the Board acted outside of the scope of its authority in interpreting the CBA. *See Money Nursery & Landscaping Co.*, 348 F.3d at 675. Construction does not assert that the Board's December 2019 award was based on anything other than its interpretation of the CBA. *See Clear Channel Outdoor, Inc. v. Int'l Union of Painters & Allied Trades, Local 770*, 558 F.3d 670, 679 (7th Cir. 2009) ("because the arbitrator's decision drew its essence from the agreement, we are obliged to uphold the arbitrator's award"). Rather, Construction's contentions reflect its dissatisfaction with the conclusions the Board reached. "The fact that [Construction] disagrees with certain of the arbitrator's findings is insufficient grounds to vacate the award." *See Wackenhut Corp. v. Local 1, Serv. Emps. Int'l Union*, No. 05 C 6566, 2006 WL 2051333, at *5 (N.D. Ill. July 17, 2006) (Kennelly, J.). The Board's June 2019 and December 2019 labor arbitration awards are enforceable. Accordingly, the Court also rejects Construction's argument that the Union's counterclaim—alleging that both awards are enforceable—should be dismissed.

## Conclusion

For the foregoing reasons, the Court dismisses the plaintiff's petition to vacate

8

the December 2019 arbitration award and for a declaratory judgment [dkt. no. 1]. The Court also grants the defendant's cross-motion to enforce the June 2019 and December 2019 arbitration awards [dkt. no. 10]. Finally, the Court denies the plaintiff's motion to dismiss the defendant's counterclaim [dkt. no. 23]. The Court directs defendant to draft proposed language for the judgment, provide it to plaintiff for review by February 26, 2021, and provide it to the Court for review and entry by March 2, 2021. The case is set for a telephone status hearing on March 3, 2021 at 9:30 a.m., but the Court will vacate the status hearing if it is satisfied with the proposed language provided by the parties. The following call-in number will be used for the hearing: 888-684-8852, conference code 746-1053. Counsel should wait for the case to be called before announcing themselves.

                                                                                        _____

                                                                                            MATTHEW F. KENNELLY
                                                                                            United States District Judge

Date: February 23, 2021